NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3984

_____

UNITED STATES OF AMERICA

v.

ERVIS GJONI,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00182-001)
District Judge: Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2013

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed: April 19, 2013)

_____

OPINION

_____

AMBRO, Circuit Judge

Ervis Gjoni pled guilty to conspiracy to distribute methylenedioxy-

methamphetamine (MDMA), more commonly known as Ecstasy, in violation of 21

U.S.C. §§ 841(a)(1) and 846.  He was sentenced to 36 months' imprisonment, a ten-

month downward variance from the bottom of the applicable Sentencing Guidelines range of 46 to 57 months. Gjoni nonetheless challenges the reasonableness of his sentence.[1]

We review sentences for both procedural and substantive unreasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). District courts must follow a three-step sentencing process: (1) calculate the applicable Sentencing Guidelines range; (2) formally rule on any departure motions; and (3) exercise their discretion by considering the relevant 18 U.S.C. § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). "We will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided.'" *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (quoting *Tomko*, 562 F.3d at 568).

There is no allegation of procedural unreasonableness in this case. The District Court followed all three steps and considered Gjoni's age, employment, enrollment in

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Gjoni also argues that he should have been granted a downward departure under U.S.S.G § 5K2.20 because his criminal behavior was "aberrant." Unless the District Court committed legal error by failing to understand its authority to grant a downward departure, "[w]e do not have jurisdiction to review" its discretionary decision not to depart. *United States v. Jones*, 566 F.3d 353, 367 (3d Cir. 2009) (quotation omitted). Thus we dismiss this argument for lack of appellate jurisdiction, but note that, if we had jurisdiction, we would have affirmed the District Court. Gjoni engaged in multiple drug transactions over several days, and the Court did not err by denying a departure that is available only when "the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; [and] (2) was of limited duration." U.S.S.G. § 5K2.20(b).

college, and limited criminal activities.  In this context, we cannot conclude that Gjoni's

below-Guidelines sentence was substantively unreasonable, and thus affirm his sentence.